# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| AKOLOUTHEO, LLC, | § |
| | § |
| v. | § Civil Action No. 4:20-cv-985 |
| | § Judge Mazzant |
| SYSTEM SOFT TECHNOLOGIES, INC. | § |
| | § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant System Soft Technologies' Motion to Dismiss Under Rule 12(b)(7) (Dkt. #13). Having reviewed the motion, briefing and pleadings, the Court find that the motion should **DENIED**.

## BACKGROUND

This is a patent infringement suit. On December 30, 2020, Akoloutheo, LLC ("Akoloutheo") sued System Soft Technologies, Inc. ("System Soft") (Dkt. #1). On April 1, 2021, System Soft filed its Motion to Dismiss (Dkt. #13). On April 26, 2021, Akoloutheo responded (Dkt. #19). On May 3, 2021, System Soft replied (Dkt. #21).

## LEGAL STANDARD

The Federal Rules of Civil Procedure allow a district court to dismiss an action for "failing to join a party under Rule 19." FED. R. CIV. P. 12(b)(7). Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue. FED. R. CIV. P. 19(a).

"[A] Rule 12(b)(7) analysis entails two inquiries under Rule 19." *H.S. Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003). First, the Court must determine under Rule 19(a) whether a person should be joined to the lawsuit. *Id.* "If joinder is warranted, then the person will be brought into the lawsuit." *Id.* "But if such joinder would destroy the [C]ourt's jurisdiction,"

then the Court turns to Rule 19(b) and determines "whether to press forward without the person or to dismiss the litigation." *Id.*

A required party is one "whose joinder will not deprive the court of subject-matter jurisdiction" and either: (1) the Court "cannot accord complete relief among existing parties" or (2) disposing of the action would "impair or impede" the person's interest or "leave an existing party subject to . . . inconsistent obligations" FED. R. CIV. P. 19(a)(1).

If joinder would destroy jurisdiction, under Rule 19(b), the Court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." FED. R. CIV. P. 19(b). The Court shall consider:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties: (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

FED. R. CIV. P. 19(b)(1)-(4).

A determination of improper joinder must be based on an analysis of the causes of action alleged in the complaint at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). In this case, the burden is on System Soft, as the movant, to show that Elysium Analytics, Inc. ("Elysium") is a necessary and required party. *See Sanson v. Allstate Tex. Lloyds*, 4:17-CV-00733, 2018 WL 3630136, at *1 (E.D. Tex. July 31, 2018).

## ANALYSIS

System Soft asks the Court to dismiss the suit for failing to join its subsidiary Elysium. Akoloutheo disagrees and argues that System Soft is independently liable under 35 U.S.C. § 271. After considering the briefing, the Court finds that Elysium is not a necessary party under Rule 19(a).

First, System Soft contradicts itself on whether a parent/subsidiary relationship exists. On February 18, 2021, System Soft moved to dismiss Akoloutheo's original complaint (Dkt. #7). In that motion, System Soft "denies that a parent/subsidiary relationship exists between it and Elysium Analytics." (Dkt. #7 at ¶ 2). Subsequently, Akoloutheo filed an amended complaint and the Court denied System Soft's first motion to dismiss as moot (Dkt. #11). Now, System Soft moves to dismiss the amended complaint because Akoloutheo's allegations are attributable to its "subsidiary Elysium." (Dkt. #13 at ¶ 1). In the current motion, System Soft removed its denial of a parent/subsidiary relationship (*Compare* Dkt. #7 at ¶ 2 *with* Dkt. #13 at ¶ 4).

System Soft's 12(b)(7) argument hinges on Elysium being a subsidiary that acted as "the primary participant" in the acts giving rise to the litigation. *See Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 559 (5th Cir. 1985) (holding that subsidiary was a necessary party because it was "more than an active participant"). But System Soft takes opposing stances on whether Elysium is a subsidiary at all in its two 12(b)(7) motions (*Compare* Dkt. #7 at ¶ 2 *with* Dkt. #13 at ¶ 4). This undercuts System Soft's current argument.

Still, even if Elysium is a subsidiary, the Court finds that joinder is not necessary to render complete relief. Patent infringement is a tort. 35 U.S.C. § 271. "It is well-settled that joint tortfeasors are not considered 'required' or indispensable parties under Rule 19." *Bowman v. W. Rim Prop. Services, Inc.*, 4:14-cv-672, 2016 WL 7799625, at *2 (E.D. Tex. Feb. 9, 2016) (citing *Nottingham v. Gen. Am. Commc'ns Corp.*, 811 F.2d 873, 880 (5th Cir. 1987)). Under 35 U.S.C. § 271, System Soft may be liable for patent infringement for selling, offering to sell, making or using the infringing instrumentality, regardless of Elysium's downstream role. Similarly, System Soft may also be liable for inducing infringement or contributorily infringing. Elysium is not a necessary party just because System Soft may seek indemnity or contribution from it. *See*

*Bowman*, 4:14-cv-672, 2016 WL 7799625 at *2. The Court may still provide complete relief between the existing parties to this suit. There is also no indication that System Soft would be subjected to inconsistent obligations. As such, the Court denies System Soft's motion to dismiss under 12(b)(7).

## CONCLUSION

It is therefore **ORDERED** that Defendant System Soft Technologies' Motion to Dismiss Under Rule 12(b)(7) (Dkt. #13) is hereby **DENIED**.

**SIGNED this 14th day of May, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE