IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AKOLOUTHEO, LLC, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO.: 4:20-cv-985 |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| SYSTEM SOFT TECHNOLOGIES, INC. | § | |
| | § | |
| Defendant. | § | |

# DEFENDANT SYSTEM SOFT TECHNOLOGIES' MOTION FOR LEAVE TO FILE DEFENDANT'S ANSWER

## I.

1.    Defendant System Soft Technologies, Inc. previously filed two Rule 12 Motions.[1] The second overruling Order was ordered on May 14, 2021.[2] Thus, per Fed. R. Civ. P. 12(a)(4)(A), Defendant's Answer to Plaintiff's First Amended Complaint was due on May 28, 2021.

2.    Because of non-willful error,[3] Defendant did not file its Answer until June 30, 2021,[4] slightly more than a month later.

---

[1] Docket Nos. 7 and 13. Pursuant to Fed. R. Evid. 201(b)(2), (c)(2), Defendant requests this Court take judicial notice of the documents cited herein by docket numbers and their filing dates.

[2] Docket No. ("Dkt. No.") 23 (see also Dkt. No. 11 overruling Defendant's first Rule 12 motion to dismiss).

[3] Exhibit 2 (Rexing Declaration), which describes such error as a rotation of and miscommunication between staff during the waiting period of the Court's ruling on Defendant's Rule 12 Motion.

[4] Dkt. No. 25.

3.    This cause is in its early stages. Plaintiff's (original) Complaint for Patent Infringement was filed on December 30, 2020.[5] This Court's Patent Scheduling Order was just recently—on June 4, 2021 ordered.[6] The Final Pretrial Conference is scheduled for July 12, 2022.

4.    Consistent with this suit being at an early stage, Defendant has previously agreed to Plaintiff's requests for a one-week extension for each of:

- Plaintiff's Response to Defendant's first motion to dismiss;[7]

- Plaintiff's Response to Defendant's first motion to dismiss;[8] and

- Plaintiff's Infringement Contentions;[9]

5.    After Defendant filed its Answer, Plaintiff Counsel notified Defendant that Plaintiff intended to file a Rule 12(f) Motion to Strike Defendant's Answer.[10]

6.    The Court has considerable discretion in ruling on a motion to strike.[11]

7.    "[M]otions to strike are generally disfavored. [Citation omitted]. They are viewed with disfavor and infrequently granted, both because striking portions of pleadings is a drastic remedy and because it is often sought by a movant simply as a dilatory tactic."[12] An Answer and counterclaims generally should not be stricken based solely on being filed late; to strike the pleadings on that basis alone would be a drastic and harsh remedy.[13] Here, the prejudice to Defendant in having its defenses and claims stricken is greater than any arguable prejudice suffered

---

[5] Dkt. No. 1.
[6] Dkt. No. 24.
[7] Dkt. Nos. 16, 17.
[8] Dkt. Nos. 18, 19.
[9] Via written email communication on June 11, 2021.
[10] Exhibit 1.
[11] *American S. Ins. Co. v. Buckley*, 748 F. Supp. 2d 610, 627 (E.D. Tex. 2010).
[12] *Id.* at 626.
[13] *Id.* at 627–28.

by Plaintiff because of the more than a month untimeliness of Defendant's pleadings.[14] Under such circumstances, a court should freely grant leave—especially at an early stage of the litigation.[15]

8.    Further, the relief requested by Plaintiff (striking Defendants' Answer including counter-claims) does not comport with the purpose of Rule 12(f), which provides that motions under the Rule may be used to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.[16] Plaintiff's motion-to-strike basis is solely the untimeliness of Defendant's Answer and pleadings. Plaintiff has not discussed, much less established, how the answer and counterclaims are "redundant, immaterial, impertinent or scandalous."[17] Defendant's pled defenses and claims are directly related to the controversy at hand.[18] This further shows Plaintiff's motion to strike is simply a tactical and dilatory measure.[19]

9.    Excusable neglect is an "elastic concept" that  includes late filings resulting from mistake, inadvertence, or carelessness;[20] as opposed to *willful* failures to timely answer.[21] Here, Defendant's late Answer filing was not intentional but rather an inadvertent mistake.[22]

10.    Thus, Defendant respectfully requests this Court exercise its considerable discretion and grant leave for Defendant's June 30, 2021 filing of its Answer including counter-claims.

---

[14] *Id.* at 628 (stating, "The prejudice to [Defendants] in having their defenses and claims stricken in their entirety is greater than the prejudice suffered by [Plaintiff] due to the untimeliness of [Defendants'] pleadings.").

[15] *Id.* (stating, "Although the Court did not grant Buckley or Colony leave to file late pleadings, it would have freely granted that leave under the Federal Rules of Civil Procedure and the Local Rules, especially at that early stage of the litigation.").

[16] *Id.* at 628.

[17] *See id.; Bey v. Hood*, No. 6:19-CV-227, 2019 WL 3997347, at *1 (E.D. Tex. Aug. 23, 2019).

[18] Dkt No. 25; *see Buckley*, 748 F. Supp. 2d at 628.

[19] *See Buckley*, 748 F. Supp. 2d at 628.

[20] *Flores v. Koster*, No. 3:11-CV-0726-M-BH, 2012 WL 6625278, at *2 (N.D. Tex. Dec. 20, 2012).

[21] *Bey*, 2019 WL 3997347, at *2 (distinguishing that case from another where the defendant's failure to timely answer was willful).

[22] Exhibit 2 (Rexing Declaration).

## II.    RELIEF REQUESTED

Defendant System Soft Technologies, Inc., respectfully requests this Court exercise its considerable discretion and grant leave for Defendant's June 30, 2021 filing of its Answer including counter-claims.

Respectfully submitted,

**MAYER LLP**

By: ___ */s/ Trent W. Rexing* ___
        Trent W. Rexing
        State Bar No. 24079197
        trexing@mayerllp.com
        Harry Laxton
        State Bar No. 12061762
        hlaxton@mayerllp.com
        Van E. Parham III
        State Bar No. 24103008
        tparham@mayerllp.com

750 N. St. Paul Street, Suite 700
Dallas, TX  75201
214.379.6900
214.379-6939 Facsimile

**ATTORNEY FOR DEFENDANT**

## <u>CERTIFICATE OF CONFERENCE</u>

The personal conference(s) required by L.R. CV -7 have been conducted as follows: on July 7, 2021, and again on July 9, 2021 counsel for Plaintiff delivered a written email communication to counsel for Defendant, stating that Plaintiff was seeking to strike Defendant's answer and move for a default judgment, thus facilitating this Motion for Leave.

Discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

                    */s/ Trent W. Rexing*
                    Trent W. Rexing

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on July 9, 2021, a true and correct copy of this document is being forwarded to all counsel of record as follows:

**<u>Via ECF:</u>**
Ronald W. Burns
Texas State Bar No. 24031903
RWBurns & Co., PLLC
5999 Custer Road, Suite 110-507
Frisco, Texas 75035
972-632-9009
rburns@burnsiplaw.com
**ATTORNEY FOR PLAINTIFF**

                    */s/ Trent W. Rexing*
                    Trent W. Rexing