# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

AKOLOUTHEO, LLC,         §
        §
v.         §     Civil Action No.  4:20-cv-985
        §     Judge Mazzant
SYSTEM SOFT TECHNOLOGIES, INC.     §
        §

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant System Soft Technologies' First Amended Motion for Leave to File Defendant's Answer (Dkt. #28).  Having considered the Motion, the Court finds that it should be **GRANTED**.  Defendant's answer is deemed filed (Dkt. #25).

## BACKGROUND

This is a patent infringement suit.  On December 30, 2020, Akoloutheo, LLC ("Akoloutheo") sued System Soft Technologies, Inc. ("System Soft") for patent infringement (Dkt. #1).  System Soft filed a Rule 12 motion, which the Court denied on May 14, 2021.  Although System Soft's answer was due by May 28, 2021, it was not filed until June 30, 2021 (Dkt. #25).

On July 9, 2021, System Soft moved for leave to file the answer (Dkt. #26).  On July 13, 2021, Akoloutheo responded, arguing that System Soft's motion violates several Local Rules (Dkt. #27).  On July 15, 2021, System Soft filed an Amended Motion for Leave to File Defendant's Answer, purportedly curing these procedural errors (Dkt. #28).  The same day, Akoloutheo responded that the motion is still procedurally deficient (Dkt. #29).

## LEGAL STANDARD

Federal Rule of Civil Procedure 6(b)(1)(B) ("Rule 6(b)(1)(B)") provides the standard that controls the granting of an extension to file a responsive pleading after the deadline to answer has already expired.  Rule 6(b)(1)(B) states "the court may, for good cause, extend the time [to answer]

on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B).

Rule 6(b)(1)(B)'s "requirements are quite flexible, and the district judge enjoys broad discretion to grant or deny an extension." *Mattress Giant Corp. v. Motor Advert. & Design Inc.*, 3:07-cv-1728-D, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008) (citing 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165, at 532–29 (3d ed. 2002)). "Excusable neglect is intended and has proven to be quite elastic in its application. In essence it is an equitable concept that must take account of all relevant circumstances of the party's failure to act within the required time." *Id.* (citations omitted). Excusable neglect "encompasses late filings . . . due to mistake, inadvertence or carelessness and not to bad faith" *Id.* (citations and quotations omitted). In deciding whether to grant relief under Rule 6(b)(1)(B), courts also consider the length of delay and prejudice to other parties. *Id.*

## ANALYSIS

System Soft asks the Court for leave to file its Answer to Plaintiff's First Amended Complaint approximately one month late. System Soft's deadline to file an answer was May 28, 2021, but "[b]ecause of non-willful error" it was not filed until June 30, 2021 (Dkt. #28 at p. 1). Akoloutheo argues that the motion should be denied because it does not comply with Local Rule CV-7(k)[1]. This is unpersuasive.

Although courts favor timely filings, they are not quick to enter default judgments. The Supreme Court noted that "[t]he basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals as necessary as they may be on occasion." *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373 (1966). For "an honest and fair judicial system" procedural

---

[1] "Motions for leave to file a document should be filed separately and immediately before the document for which leave is sought."

rules "should as nearly as possible guarantee that bona fide complaints be carried to an adjudication on the merits." *Id.*

Accordingly, courts hesitate to impose harsh punishment for untimely filing if there are less severe alternatives. *See e.g.*, *Watson v. United States,* 285 Fed.Appx. 140, 143 (5th Cir. 2008) (holding that an automatic grant of dismissal for failure to comply with procedural rules was too severe a penalty). Parties "are not to be cut off at the pass" by "abort[ing] the case on an unjustly stringent procedural argument." *Hines v. Delta Air Lines, Inc.*, 461 F.2d 576, 580-81 (5th Cir. 1972) (finding dismissal improper where defendant filed an answer late).

Dismissal is therefore inappropriate and the Court grants System Soft's motion for leave to file its answer. To strike the pleadings solely on narrow procedural grounds would be a drastic and harsh remedy. *See id.* System Soft would be significantly more prejudiced by having its answer stricken, than Akoloutheo is prejudiced from the procedural deficiency. Although System Soft did not ask for an extension of time, the Court freely grants extensions at this early stage of the litigation. As such, the Court grants System Soft's motion for leave.

## CONCLUSION

It is therefore **ORDERED** that Defendant System Soft Technologies' First Amended Motion for Leave to File Defendant's Answer (Dkt. #28) is hereby **GRANTED**.

It is **ORDERED** that System Soft's Answer to Plaintiff's First Amended Complaint and Counterclaims is hereby deemed filed (Dkt. #25)

**SIGNED this 2nd day of August, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE